# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **MARITIME LEGAL AID & ADVOCACY, LTD**<br><br>276 Fifth Avenue, Suite 704<br>New York, NY 10001<br><br>Plaintiff,<br><br>v.<br><br>**U.S. COAST GUARD**<br>2703 Martin Luther King Jr. Ave. SE<br>Washington, D.C.  20593-7710<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action: 1:22-5501<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, for injunctive, declaratory, and other appropriate relief, seeking the release of

agency records requested by Plaintiff Maritime Legal Aid & Advocacy, Ltd.

("MLAA") from Defendant U.S. Coast Guard ("USCG").

1

2.     Specifically, MLAA challenges the failure of the USCG to disclose records in response to MLAA's Freedom of Information Act request (the "FOIA Request"), and challenges the failure of the USCG to conduct an adequate search of its records for documents responsive to its FOIA Request.

3.     Nearly 2 years have elapsed since MLAA filed its FOIA Request. The USCG has failed to make a final determination regarding the FOIA Request within the time period prescribed by 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(E)(iii).

4.     The USCG has also failed to make a final determination regarding MLAA's two (2) interim FOIA Appeals (the "Interim FOIA Appeals") regarding the FOIA Request within the time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(E)(iii).

5.     The USCG's failure to make a final determination on MLAA's FOIA Request within the statutory limit violates the FOIA. MLAA has constructively exhausted the administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## **Jurisdiction and Venue**

6.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

7.     Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B), because MLAA's principal place of business is in this judicial district. *See* (*Exhibit A*: *MLAA 2021 Delaware Corporate Franchise Tax Report* (showing Principal Place of Business at 276 Fifth Ave., Suite 704, New York, NY 10001)).

<u>**Parties**</u>

8.     Plaintiff MLAA is a non-partisan, non-profit 501(c)(3) corporation organized under the laws of the state of Delaware. MLAA's principal place of business is in New York City, New York. MLAA is a legal advocacy organization advocating for the human rights of seafarers and working to end shipboard sexual misconduct and other abusive behaviors in the U.S. maritime industry. MLAA has uncovered extensive evidence that shipboard sexual misconduct, in particular, is an epidemic in the maritime industry that affects far too many of the more than 200,000 U.S. Coast Guard-credentialed mariners who work in this vital industry. In furtherance of its mission to be legal advocates on behalf of a vulnerable mariner population, MLAA uses a combination of research, public education, litigation, and advocacy. As part of its research, MLAA uses government records made available to it under the FOIA. In furtherance of its mission, MLAA gathers information of potential public interest, including government records made available to it under the FOIA, and then uses its editorial skills to turn those raw materials into distinct works before

distributing those works free of charge to a global audience. Through its website,[1] Facebook account, Instagram account,[2] and electronic mailing lists, original and distinct stories created and published by MLAA reach tens of thousands of readers every month. Accordingly, MLAA is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

9.    Defendant USCG is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1).   The USCG has possession, custody, and control of records responsive to MLAA'S FOIA Request.

## Background

10.    The USCG is the United States' primary maritime law enforcement agency and possesses broad legal authority over the United States' entire maritime domain.

11.    A sexual assault committed upon the high seas aboard a vessel documented under the laws of the United States of America ("USCG-documented vessels") is a federal crime, and the USCG is the primary federal law enforcement agency responsible for responding to and investigating such crimes. 18 U.S.C. Chapter 109A.

12.    Prior to 1990, there was no legal requirement for masters or persons in charge of USCG-documented vessels to report allegations of shipboard sexual assault to the

---

[1] https://www.maritimelegalaid.com
[2] https://www.instagram.com/maritimelegalaid

USCG. *See* U.S. Government Accountability Office, "*Coast Guard: Information Needed to Assess the Extent of Sexual Assaults on Ships*."[3]

13.    In 1980 female seafarers in the Pacific Northwest formed the Women's Maritime Association ("WMA"), a support network for seafaring women and the first organization of its kind. Part of the WMA's founding mission was to "take whatever steps necessary to ensure women's right to work, free of harassment." [4]

14.    From its inception, members of the WMA began advocating for legislation to eliminate sexual harassment and sexual abuse at sea. In 1990, after a more than 10-year fight by the WMA, the shipboard sexual assault allegation reporting requirement of 46 USC § 10104 became part of the U.S. Code.

15.    In 2020 MLAA learned of the existence of 46 USC § 10104 and subsequently began investigating the USCG's enforcement efforts regarding the shipboard sex crime allegation reporting law.

16.    After extensive research over more than two years, including via the FOIA, MLAA subsequently learned that over the past more than 30 years the USCG has released zero public information regarding its actual enforcement of 46 USC § 10104.

---

[3] U.S. Government Accountability Office, "*Coast Guard: Information Needed to Assess the Extent of Sexual Assaults on Ships*," https://www.gao.gov/assets/rced-89-59.pdf (December 1988).

[4] MaritimeLegalAid.com, "*The Long, Tragic History of 46 USC 10104..*,"
https://www.maritimelegalaid.com/foia/the-long-tragic-history-of-46usc10104-aka-the-federal-shipboard-sexual-assault-reporting-law (September 20, 2021).

17.     The first two request items under MLAA's FOIA Request concern 46 USC § 10104, also known as "*The Federal Shipboard Sexual Assault Allegation Reporting Law,*" and also known as the "*Skipper Reporting Law.*" *See* MaritimeLegalAid.com, "*The Long, Tragic History of 46 USC 10104...*" (Exhibit O).

18.     In the two years that have elapsed since MLAA filed its FOIA Request, the USCG has been unable to provide MLAA with even a single record responsive to MLAA's records request for "reports of sexual offenses received by the USCG pursuant to 46 U.S. Code § 10104."

19.     This failure to provide MLAA with any records of sexual assault allegation reports has led MLAA to conclude that 1) the USCG has not enforced this exceedingly important shipboard safety law, and mariners are therefore at a greatly heightened risk of being sexually assaulted at sea due to the USCG's lack of enforcement of 46 U.S.C. § 10104, or 2) the USCG has not conducted an adequate search of its records to locate records responsive to MLAA's request for "reports of sexual offenses received by the USCG pursuant to 46 U.S. Code § 10104."

20.     In addition to investigating the USCG's enforcement of  46 U.S.C. § 10104, since its inception MLAA has investigated the USCG's enforcement of laws and regulations against sexual misconduct committed by mariners credentialed by the USCG ("USCG-credentialed mariners"). As part of its mission, the USCG is

responsible for the licensing and credentialing of more than 200,000 civilian USCG-credentialed mariners who work afloat in the U.S. maritime industry.

21.    The USCG's role in enforcing laws and regulations against sexual misconduct committed by USCG-credentialed mariners begins during the mariner application process. The USCG is legally required to prevent convicted sex offenders and other dangerous persons from obtaining merchant mariner credentials, regardless of whether the underlying crime occurred onboard a vessel or ashore.

22.    The USCG and the USCG Administrative Law Judge program ("USCG-ALJ") are also responsible for enforcing laws and regulations against shipboard sexual misconduct aboard USCG-documented vessels.

23.    To promote safety at sea, Congress has authorized the USCG to suspend or revoke merchant mariner credentials for acts of incompetence, misconduct, negligence, violations of law or regulation, and use of dangerous drugs. According to Walter J. Brudzinski, the USCG's Chief Administrative Law Judge, the USCG-ALJ "initiates 400-600 suspension and revocation (S&R) cases each year." *See* Walter J. Brudzinski in Maritime Logistics Professional, "*USCG Can Suspend and Revoke Merchant Mariner Credentials*."[5]

---

[5] Maritime Logistics Professional, "*USCG Can Suspend and Revoke Merchant Mariner Credentials*," https://www.maritimeprofessional.com/magazine/story/201609/insights-merchant-credentials-516462 (Q3 2016 Issue).

24.     Through documents obtained by MLAA, including documents released to MLAA by the USCG via the FOIA, an extremely disturbing picture of the USCG's actual enforcement efforts against shipboard sexual misconduct has emerged. Over the past two years MLAA has published numerous articles on its findings.

25.     For example, in 2019, the USCG and the USCG-ALJ issued only a 3 month outright suspension to a USCG-credentialed mariner in his 60's who was credibly accused of subjecting a 19 year old female cadet from the U.S. Merchant Marine Academy to weeks of shipboard sexual harassment, sexual assault, stalking, and general terror aboard a Maersk Line containership. The evidence against the mariner was so strong that Maersk Line fired him from his job, yet within 3 months of signing a USCG settlement agreement he was back at sea, working on ships. *See* MaritimeLegalAid.com, "*In Secret 2019 Settlement Agreement, USCG Gave 3 Month Suspension to Mariner who Subjected a USMMA Cadet to Weeks of Shipboard Sexual Terror Aboard a Maersk Ship. USMMA Continues to Send him Cadets.*"[6]. Additionally, the USCG-ALJ settlement agreement issued to the mariner, which constituted a final agency decision, was never proactively disclosed to the public as required by the Administrative Procedures Act.

---

[6] MaritimeLegalAid.com, "*In Secret 2019 Settlement Agreement...*," https://www.maritimelegalaid.com/foia/2019-uscg-secret-settlement-agreement-with-maersk-sexual-predator (October 28, 2021).

26.    In another case from 2016, USCG Administrative Law Judge Bruce Tucker Smith approved a settlement agreement that levied only a one-month suspension for a USCG-credentialed ship captain who was convicted of a sex crime in Virginia state court. That settlement agreement, which constituted a final agency decision, was also never proactively disclosed to the public as required by the Administrative Procedures Act. *See* MaritimeLegalAid.com, "*In Secret Settlement Agreement, Federal Judge Bruce Tucker Smith Gave a One Month Suspension to a Coast Guard-Credentialed Ship Captain Who Was Convicted of a Sex Crime*."[7]

27.    In another case from 2018, the USCG and USCG-ALJ issued a settlement agreement to a USCG-credentialed mariner who was convicted of sex crimes by the 184th District Court of Harris County, Texas.  The conviction required the mariner to register as a sex offender under Texas' statewide "Sex Offender Registry." Despite the known danger this mariner posed to residents of the state of Texas and to other mariners, the USCG and a USCG-ALJ judge issued a settlement agreement to the mariner that created a path for him to obtain his unlimited tonnage merchant mariner's license. The existence of the settlement was never disclosed to the public as required by the Administrative Procedures Act. *See* MaritimeLegalAid.com, "*In 2018 a Texas A&M Maritime Academy Cadet and Registered Sex Offender was*

---

[7] MaritimeLegalAid.com, "*In Secret Settlement Agreement Federal Judge Bruce Tucker Smith Gave a One Month Suspension...*," https://www.maritimelegalaid.com/foia/judge-bruce-tucker-smith-protects-sexual-predators (March 30, 2022).

*Given a Settlement Agreement by the U.S. Coast Guard Allowing Him to Obtain his Merchant Mariner's License*."[8]

28.     The three examples given here are only a small glimpse of a deeply disturbing pattern of leniency given to USCG-credentialed mariners who have been found to have engaged in sexual misconduct by the USCG.

29.     Most troubling to MLAA is the pattern of secrecy surrounding the USCG's enforcement of laws and regulations against sexual misconduct committed by USCG-credentialed mariners. The secrecy and lack of transparency on the part of the USCG has prevented other USCG-credentialed mariners from knowing whether or not they are trapped on a ship with a sexual predator and has prevented mariners from knowing whether or not they are at a heightened risk of sexual assault at sea.

30.     Before MLAA began its investigation of the USCG via the FOIA in 2020, the public had no knowledge of any of these cited cases, nor any knowledge of the many other cases MLAA has written about wherein the USCG gave extraordinarily lenient punishments to USCG-credentialed mariners who the USCG knew were sexual predators.

31.     Through the FOIA process, MLAA seeks to pierce the veil of administrative secrecy that surrounds these important issues, open USCG action to the light of

---

[8] MaritimeLegalAid.com, "*In 2018 a Texas A&M Maritime Academy Cadet and Registered Sex Offender was Given a Settlement Agreement by the U.S. Coast Guard…*," https://www.maritimelegalaid.com/foia/texas-cadet-registered-sex-offender-uscg-settlement-agreement (May 5, 2021).

public scrutiny, and eventually make the maritime workplace safer for hundreds of thousands of Americans.

## **Procedural History**

32.     MLAA submitted its FOIA Request on June 30, 2020 (*Exhibit B*).  The FOIA request was received by the USCG on July 6, 2020 and was assigned FOIA number 2020-CGFO-01886.

33.     In response to an invitation by the USCG FOIA Officer to narrow and clarify the scope of the FOIA Request, on July 29, 2020, MLAA submitted a letter to the USCG that narrowed and clarified the scope of the FOIA Request (*Exhibit C*).

34.     In its narrowed and clarified FOIA Request (2020-CGFO-01886), MLAA requested the following records from the USCG:

    a.     *All reports of sexual offenses received by the USCG pursuant to 46 U.S. Code § 10104 since the law was added to the Code of Federal Regulations in 1989, with any personally identifiable information about the victim or the accused omitted from the report, only if required by law.*

    b.     *All Documents related to an investigation or punishment of any person or corporation for a failure to notify the USCG of a complaint of a sexual offense prohibited under chapter 109A of title 18, United States Code, pursuant to 46 U.S. Code § 10104 since the law was added to the Code of Federal Regulations in 1989.  "All documents" includes, but is not limited to,*

*reports, correspondence, agreements, minutes, memoranda, e-mails, databases, and notes. This request includes all documents that have ever been within USCG's custody or control, whether they exist in "working," investigative, retired, electronic mail, or other files currently or at any other time.*

*c.     All Documents related to any investigation of sexual misconduct of any kind initiated against any USCG credentialed mariner, including investigation reports and related documents, by the USCG or the CGIS since 46 U.S. Code § 10104 was added to the Code of Federal Regulations in 1989, with any personally identifiable information about the victim or the accused omitted from the report, only if required by law. "All documents" includes, but is not limited to, reports, correspondence, agreements, minutes, memoranda, e-mails, databases, and notes. This request includes all documents that have ever been within USCG's custody or control, whether they exist in "working," investigative, retired, electronic mail, or other files currently or at any other time.*

35.    MLAA's FOIA Request sought Expedited Processing and waiver of all fees under the FOIA.

36.    After initially directing communications regarding the FOIA Request to Amanda Ackerson, Management and Policy Analyst at U.S. Coast Guard (CG-6P),

Office of Privacy Management, MLAA was subsequently directed to channel all communications regarding the FOIA Request to Denise Robinson ("S/A Robinson"), Special Agent, Coast Guard Investigative Service ("CGIS").

37.     On September 8, 2020, MLAA received an email from S/A Robinson alerting MLAA that the USCG had granted MLAA's request for a waiver of all fees associated with the FOIA Request, and that the USCG had also approved MLAA's request for Expedited Processing under the FOIA (*Exhibit D*).

38.     After numerous emails and phone calls to the USCG regarding the delays in processing MLAA's FOIA Request, on Monday December 28, 2020, nearly 6 months after the FOIA Request was received by the USCG, MLAA received an interim response letter from Barbara Whitelaw, Chief, Office of Information Management, U.S. Coast Guard Headquarters (*Exhibit E*).

39.     In her letter, Whitelaw stated: "*A search of the Administrative Law Judge (CG-OOJ) and the Coast Guard Investigative Service (CGIS) for documents responsive to your request produced a total of 395 pages. Of the 395 pages, it has been determined that 48 pages are releasable in their entirety, 135 pages are partially releasable, and 208 pages are being withheld in their entirety pursuant to Title 5 U.S.C. § 552 (b)(6) and (b)(7)(C)...Enclosed are 183 pages with certain information withheld as described below...*"

40.     In her letter, Whitelaw stated: "*I am the person responsible for the denial of your request. Also participating in this decision are Mr. John C. Johns, Managing Attorney Advisor, Office of the Chief Administrative Law Judge; LCDR Jessica Burrell, Legal Counsel, Coast Guard Investigative Service; and Mr. Michael Berkow, Director, Coast Guard Investigative Service.*"

41.     In her letter, Whitelaw also stated: "*The Office of Investigations (CG-INV-3) and the Coast Guard Investigative Service (CGIS) are still processing your request. CGIS's processing includes a request to the National Archives and Records Administration (NARA) to retrieve and send copies of legacy cases which may be responsive to your request. Once the processing has been completed, all releasable responsive records will be provided to you and will complete the processing of your FOIA.*" MLAA never received any copies of legacy cases from the NARA responsive to MLAA's FOIA Request.

42.     Included among the 183 pages partially released to MLAA pursuant to Whitelaw's letter were 4 Case Management Reports created by the CGIS.  Although MLAA had requested records dating back to the enactment of 46 USC § 10104 in 1989, the oldest CGIS Case Management Report received from Whitelaw dated to 2016, meaning MLAA did not receive any records from the CGIS that dated from between the years 1989 and 2016.

43.   The remainder of the 183 pages partially released to MLAA pursuant to Whitelaw's letter were 8 files that originated from the USCG-ALJ.  The most recent document released to MLAA by the USCG-ALJ dated to 1999, meaning the USCG-ALJ did not release any documents to MLAA for the 20 year period from 2000-2020.

44.   Whitelaw's letter stated that the CGIS and the USCG Office of Investigations & Casualty Analysis ("CG-INV") were continuing to process MLAA's request, but her letter did not state that the USCG-ALJ was continuing to search for documents responsive to the FOIA Request.  Whitelaw's letter did not indicate that any further documents responsive to MLAA's FOIA Request would be forthcoming from the USCG-ALJ.

45.   On January 8, 2021, MLAA received the USCG's 2nd interim response.  The 2nd interim response was from the CG-INV.  The 2nd interim response included an interim response letter (*Exhibit F*) from Captain Jason Neubauer, Chief, CG-INV.

46.   In his letter, Captain Neubauer stated: "*This is the interim response to your Freedom of Information Act (FOIA) request to the U.S. Coast Guard (USCG), dated August 5, 2020, for Enforcement Reports involving sexual offenses received by the USCG pursuant to 46 U.S. Code §10104 occurring from 1990 to present. We have located a total of 580 pages of material responsive to your request; however, 456*

*pages are partially released, 93 pages fully released, and 31 pages are being withheld in their entirety*."

47.    In his letter, Captain Neubauer stated: "*I am the person responsible for the partial denial of your request. Also participating in this decision are Ms. Dawn Patterson, Chief, FOIA and Data Administration Division and LT Pamela Tirado, Office of Information and Intelligence Law.  If you are not satisfied with the response to this request, you have the right to appeal.*"

48.    Since January 8, 2021, MLAA has not received any additional records from Captain Jason Neubauer or the CG-INV, and MLAA never received a final response to its FOIA Request from the CG-INV.

49.    On March 22, 2021, MLAA filed an interim appeal ("Interim Appeal #1") with the USCG in response to Barbara Whitelaw's interim response letter of December 28, 2020 (*Exhibit G*).

50.    On April 1, 2021, MLAA filed an interim appeal ("Interim Appeal #2") with the USCG in response to Captain Jason Neubauer's interim response letter of January 8, 2021 (*Exhibit H*).

51.    On April 13, 2021 MLAA received an email from S/A Robinson confirming receipt of both Interim FOIA Appeal #1 and Interim FOIA Appeal #2 (*Exhibit I*). The email stated: "*Mr. Melogy's appeals have been aggregated into one as they*

*concern the same initial FOIA request.  His appeal has been assigned number 2021-CGAP-00009 and is in the queue for processing.*"

52.     On August 27, 2021 MLAA received a letter from Kathleen Claffie, Chief, Office of Privacy Management, USCG (*Exhibit J*). The letter stated, "*This [letter] is in response to your two letters dated March 21, 2021, in which you appealed the partial denial responses from Ms. Barbara Whitelaw…and Captain J.D. Neubauer…*"

53.     The end result of Claffie's lengthy, four-page letter was that the USCG was not releasing any further records to MLAA in response to our FOIA Request or the two Interim Appeals we filed in response to the two interim response letters. Per Claffie's letter, certain items were "*remanded to the Chief, Administrative Law Judge (CG-OOJ)*", certain items were remanded to the Coast Guard Investigative Service, certain items were remanded to the Coast Guard Hearing Office (CG-094H), and certain items were remanded to the Office of Investigations and Casualty Analysis (CG-INV).

54.     On September 16, 2021 MLAA received a letter from G.T. Vachon, Chief, U.S. Coast Guard Hearing Office (*Exhibit K*). Per Vachon's letter, the USCG Hearing Office determined that 156  pages of records held by the U.S. Coast Guard Hearing Office were responsive to MLAA's FOIA Request, and that all 156 pages were being withheld in their entirety pursuant to various FOIA exemptions.

55.    On May 5, 2022, nearly two months after submitting its FOIA Request and nearly 8 months after last receiving any communication from the USCG regarding its FOIA Request, MLAA suddenly and unexpectedly received a final response letter from one USCG department (the USCG-ALJ) along with a smattering of records responsive to MLAA's FOIA Request (*Exhibit L*). The letter was written by Lauren S. Staiti, Senior Attorney Advisor, USCG-ALJ.

56.    In her final response letter from the USCG-ALJ, Ms. Staiti wrote, "This letter is the final response of the Office of the Chief Administrative Law Judge (CG-OOJ) to your Freedom of Information Act (FOIA) request numbered 2021-CGFO-02053."

57.    Lauren Staiti's final response letter of May 5, 2022 was perplexing, because her letter was the first time MLAA had learned of the *supposed* existence of a "FOIA Request 2021-CGFO-02053." MLAA never made such a FOIA Request, MLAA never received acknowledgment of such a FOIA Request, and MLAA never received final responses to its FOIA Request numbered 2020-CGFO-01886, which should still be still open and active as of the date of this Complaint.

58.    The interim appeal items Ms. Staiti addressed in her letter of May 5, 2022 were contained only in Interim Appeal #1, which was submitted to the USCG by MLAA on March 22, 2021. MLAA's Interim Appeal #1 was based on Barbara Whitelaw's interim response letter of December 28, 2020, which was sent to MLAA in response to MLAA's FOIA Request numbered "2020-CGFO-01886." MLAA

never submitted additional interim appeals, and it would therefore be impossible for the USCG-ALJ to respond on May 2, 2022 to appeal items that did not relate to MLAA's FOIA Request numbered "2020-CGFO-01886."

59.    Lauren Staiti's final response letter for the USCG-ALJ further perplexed MLAA, because in drafting her response, Ms. Staiti misstated MLAA's interim appeal item #1. Interim appeal item #1 clearly sought "all final orders and opinions in S&R cases involving sexual misconduct by credentialed mariners since 1989," and including "all documents, filings, exhibits, evidence, and other documents connected to each sexual misconduct case."

60.    Interim appeal item #1 would include a large volume of records responsive to MLAA's FOIA Request. However, Ms. Staiti somehow misread interim appeal item #1, misstated interim appeal item #1 in her final response letter, and then failed to produce any records specifically in response to interim appeal item #1.

61.    On May 18, 2022 MLAA timely filed a FOIA Appeal in response to Lauren Staiti's USCG-ALJ final response letter of May 2, 2022 (*Exhibit M*).

62.    As of the date of this Complaint, MLAA has not received a response or acknowledgment of its Appeal of Lauren Staiti's Final Response Letter from the USCG-ALJ. More than 20 business days have passed since MLAA timely filed its Appeal. Therefore, MLAA has constructively exhausted the administrative remedies

under 5 U.S.C. § 552(a)(6)(C)(ii) with respect to Lauren Stati's final response letter from the USCG-ALJ dated May 2, 2022.

63.    Over the course of more than two years since submitting its FOIA Request, Lauren Stati's Final Response Letter from the USCG-ALJ dated May 2, 2022 is the only final response MLAA has received from any unit, office or department of the USCG in response to its FOIA Request.

64.    Seeking to bring order and clarity to a frustrating and chaotic process that had been dragging on for nearly two years, on May 13, 2022 MLAA sent a letter to the USCG FOIA Officer via email (*Exhibit N*).

65.    MLAA's letter of May 13, 2022 stated, "FOIA Officer, This letter constitutes a request under the Freedom of Information Act ("FOIA") and seeks to narrow and clarify the scope of an existing FOIA Request (FOIA 2020-CGFO-01886). This letter does <u>NOT</u> constitute a new FOIA Request."

66.    MLAA's letter of May 13, 2022 stated, "When MLAA filed FOIA Request # 2020-CGFO-01886, MLAA was unfamiliar with the exact nature of the USCG's recordkeeping system, its filing practices, and the manner in which its files and records are compiled. MLAA was entirely 'in the dark' about the structure and arrangement of the files and records that the USCG would  be searching through in order to locate the particular records that were responsive to MLAA's FOIA Request…Since filing its FOIA request, MLAA has gained some limited

understanding of the inner workings of the USCG and the manner in which its files and records are compiled…Therefore, MLAA narrows and clarifies the scope…for records related to investigations of sexual misconduct by USCG-credentialed mariners to specific offices, departments, and systems within the USCG."

67.   As of the date of this Complaint, MLAA has not received a response or acknowledgment of its May 13, 2022 attempt to narrow and clarify the scope of its FOIA Request.

68.   Since receiving Lauren Staiti's USCG-ALJ Final Response Letter of May 2, 2022, MLAA has not received any further correspondence from the USCG and has not received any additional records from the USCG. The USCG has not made a final determination on MLAA's FOIA Request within the time limits prescribed by the FOIA, and MLAA has constructively exhausted the administrative remedies available under the FOIA.

## MLAA'S CLAIMS FOR RELIEF

### COUNT 1

### FAILURE TO COMPLY WITH FOIA

69.   MLAA incorporates each of the foregoing paragraphs of this Complaint.

70.   Pursuant to FOIA, 5 U.S.C. § 552(a), MLAA has a statutory right to access requested agency records.

71.     USCG has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i) for MLAA's FOIA Request and has failed to issue a final determination on the FOIA Request.

## PRAYER FOR RELIEF

WHEREFORE, MLAA respectfully requests that this Court enter a judgment for MLAA and award the following relief:

72.     Declare the records sought by MLAA's FOIA Request are public under 5 U.S.C. § 552 and must be disclosed;

73.     Declare that MLAA's FOIA Request numbered "2020-CGFO-01886" is open and active;

74.     Declare that Defendant granted a total fee waiver with respect to MLAA's FOIA Request numbered "2020-CGFO-01886";

75.     Order Defendant, by a date certain, to conduct a search of its records that is designed to prove beyond material doubt that its search for records responsive to MLAA's FOIA Request was reasonably calculated to uncover all relevant records.

76.     Order Defendant, by a date certain, to demonstrate that they have conducted an adequate search;

77.     Order Defendant, by a date certain, to produce to MLAA any and all nonexempt records or portions of records responsive to MLAA's FOIA Request, as

well as a Vaughn index of any records or portions of records withheld due to a claim of exemption;

78.     Enjoin Defendant from withholding the requested records;

79.     Award MLAA its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

80.     Grant MLAA such other and further relief as the Court may deem just and proper.

**Dated**: June 28, 2022

/s/  *J. Ryan Melogy*
**J. RYAN MELOGY**
Maritime Legal Solutions, PLLC
276 Fifth Ave., Suite 704-1454
New York, NY 10001
Telephone: (302) 827-3890
E-mail: maritimelegalsolutions@pm.me

*Counsel for Plaintiff*